UNITED STATES DISTRICT COURT
WESTERN DISTRCIT OF NEW YORK
-------------------------------------------------------------------X
P2, as Parent and Natural Guardian of S2, an infant,

                                          Plaintiff,

                                          -against-

HILTON CENTRAL SCHOOL DISTRICT,
KIRK ASHTON, as Principal of Northwood
Elementary School, and DAVID DIMBLEBY, as
former Superintendent of HILTON CENTRAL
SCHOOL DISTRICT, in their individual and
official capacities,

                                          Defendants.
-------------------------------------------------------------------X

Index No.: 6:21-cv-06500

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

      Plaintiff, P2, as Parent and Natural Guardian of S2, an infant, and the Defendants, Hilton Central School District, and David Dimbleby as former Superintendent of Hilton Central School District, in their individual and official capacities, (collectively, "the Parties") by and through their undersigned counsel, hereby stipulate and agree to be bound by this Confidentiality Agreement and Protective Order and by the following terms and conditions, and it is ordered by the Court that:

      1.      The Parties are engaged in litigation in this case captioned <u>P2, as Parent and Natural Guardian of S2, an infant v. Hilton Central School District, Kirk Ashton, as Principal of Northwood Elementary School and David Dimbleby as former Superintendent of Hilton Central School District, in their individual and official capacities,</u> Index No. 6:21-cv-06500. Recognizing the legitimate confidentiality needs of the parties, all discovery shall be used only by the parties to this action for purposes of investigating, litigating and defending the claims, resolution of the claims asserted in this action, any trial and appeal of this action, and enforcement of any award or judgment thereon. Confidential Information shall not be used, directly or indirectly, by any person

{F2552564-1}

for any other purpose whatsoever. All persons to whom Confidential Information is disclosed are hereby enjoined from disclosing the same to any other person, and from using the Confidential Information, except as provided herein.

2. During the discovery period of this case, it is anticipated that either Plaintiff's counsel or counsel for the Defendants, Hilton Central School District, Dave Dimbleby and Casey Kosiorek, shall serve requests for production of documents and other discovery demands that contain private and confidential information related to students' identities, employment records, student records, files and other education-related records that may contain information evidencing, reflecting or relating to confidential pupil information and/or records as per the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g); the New York State Education Law 2-d; or other information that may otherwise be protected from disclosure subject to other applicable State and Federal Law.

3. This Confidentiality Agreement and Protective Order are necessary for the Parties to this case to adequately obtain evidence necessary for the determination of legal issues in this case.

4. Accordingly, either party may designate documents she or it produced or testimony she or it gives in connection with this litigation, <u>P2, as Parent and Natural Guardian of S2, an infant v. Hilton Central School District, Kirk Ashton, as Principal of Northwood Elementary School and David Dimbleby as former Superintendent of Hilton Central School District, in their individual and official capacities,</u> Index No. 6:21-cv-06500as "Confidential" either by notation on the document, statement on the record of the deposition, written advance notice to the respective party or their counsel, or by other appropriate means.

5. As used herein:

{F2552564-1}

      a. "Confidential Information" shall mean all documents and testimony, and all information contained therein, and other information designated as "Confidential – Attorney's Eyes Only," if such documents or testimony are reasonably believed to contain private and confidential information related to students' identities, disciplinary records, files, and other education-related records that may contain information evidencing, reflecting or relating to confidential pupil information and/or records as per the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g); the New York State Education Law 2-d; or other information that may otherwise be protected from disclosure subject to other applicable State and Federal Law, disclosure of which would lead to an undue risk of harm or damage to the interests of the Producing Party.

      b. "Producing Party" shall mean the person producing Confidential Information.

      c. "Receiving Party" shall mean the party receiving Confidential Information.

6. A party may designate, as Confidential Information subject to this Protective Order, any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of documents containing Protected Information, designation shall be made by notifying all parties in writing of those documents which are to be stamped and treated as Confidential Information at any time up to fifteen (15) days after actual receipt of copies of those documents by the party asserting the confidentiality privilege. In the case of testimony containing Confidential Information, designation shall be made by notifying all parties in writing of those portions which are to be stamped or otherwise treated as Confidential Information at any time up to fifteen (15) days after the transcript is received by the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period, (or until a

designation is made by a party, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

7. Extracts, copies, and summaries of Confidential Information shall also be treated as Confidential Information in accordance with the provisions of this Protective Order.

8. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party shall present the dispute to the Court initially by telephone or letter, before filing a motion to declassify those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such a motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

9. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "Confidential" nature, may be so designated by the party asserting the confidentiality privilege by written notice to the Receiving Party, identifying the document or information as "Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

10. If a Producing Party produces information without intending to waive a claim of privilege, it may, within a reasonable time, notify the Receiving Party of its claim of privilege. After being notified, a Receiving Party must promptly return, sequester, or destroy the specified information and any copies. The Producing Party must log the documents on a privilege log and preserve it pending a ruling by the Court. Similarly, if a Receiving Party receives information that

{F2552564-1}

it believes may constitute an inadvertent disclosure of privileged information, it shall promptly notify the Producing Party and, if requested to do so, return, sequester, or destroy the specified information and any copies.

11. The production or disclosure of Protected Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

12. Except upon further Order of the Court, or by express written consent of the parties, Confidential Information and any copies thereof shall, at all times, be within the custody and control of the Receiving Party and its counsel and may only be disclosed to the following:

   a. personnel of the parties actually engaged in assisting in the preparation of this litigation for trial or other proceeding herein and who have been advised of, and have agreed to, be bound by their obligations hereunder;

   b. counsel for the parties to this litigation and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   c. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this litigation or to give testimony with respect to the subject matter of this action at the trial of this litigation or other proceeding herein, provided that the Receiving Party;

   d. the Court and Court personnel;

    e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, provided that the Receiving Party;

    f. the author, addressee or any other person identified in the documents as a prior recipient of the Confidential Information;

    g. Defendant's insurers;

    h. Court appointed or private mediators agreed to by both parties to conduct and participate in alternative dispute resolution; or

    i. other persons who may be specifically designated by written consent of counsel of record or pursuant to any order of the Court.

13. Confidential Information shall be utilized by the Receiving Party only for purposes of this litigation and for no other purposes.

14. Any person receiving Protected Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

15. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the Receiving Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

16. All discussion of the matter at issue, inclusive of Confidential Information and/or settlement negotiations, during the course of alternative dispute resolution/mediation, shall be covered by this Confidentiality Agreement and Protective Order.

{F2552564-1}

17. Within sixty (60) days after the final termination of this litigation, by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Receiving Party. In the event that any party chooses to destroy physical objects and documents, the Receiving Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, and subject to a continuing obligation of confidentiality, counsel of record for the parties may retain, subject to ongoing obligation under this Order, any and all documents relevant to the litigation of this matter.

18. This Confidentiality Agreement and Protective Order may be changed by further order of this Court and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

19. If there is a claim from either party that a breach of this Confidentiality Agreement and Protective Order has occurred, either party may apply to the Court for relief. The Court may then fashion an appropriate remedy if it is found that a breach of the Agreement has occurred.

20. So long as this Confidentiality Agreement and Protective Order has not been violated by the Parties, neither of the Parties shall be in breach of this Agreement for the dissemination of Confidential Information by non-parties over whom the Parties had no control and who are otherwise not subject to the terms this Agreement.

_/s/ Mark W. Pedersen_ 12/12/22
HON. MARK W. PEDERSEN
United States Magistrate Judge

{F2552564-1}

The parties hereby consent to the form and entry of this Protective/Confidentiality Order.

| JEFFREY WICKS, PLLC<br>Attorneys for Plaintiff, P2, as Parent and Natural Guardian of S2, an infant,<br><br><br>By: ___s/*Jeffrey Wicks*_____<br>Jeffrey Wicks, Esq.<br><br>Dated:  December 7, 2022 | MCGIVNEY, KLUGER, CLARK & INTOCCIA, P.C.<br>Attorneys for Defendants, Hilton Central School District<br><br><br>By: /s/ *Gary J. Intoccia*<br>Gary J. Intoccia, Esq.<br><br>Dated:  December 7, 2022 |
| --- | --- |
| HURWITZ FINE, PC<br>Attorneys for Defendant David Dimbleby<br><br><br>By: _[signature]_____<br>Jody E. Briandi, Esq.<br><br>Dated:  December 7, 2022 | |

{F2552564-1}